IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHON FRANK SCHWENTNER, *
    Plaintiff
    v.                                 *   CIVIL ACTION NO. JKB-11-2704

MARYLAND DIV. OF CORRECTIONS, *
et al.,
    Defendants               *
                                       ****

## MEMORANDUM

Defendants Maryland Division of Corrections, Commissioner J. Michael Stouffer, Acting Assistant Commissioner William Filbert, Warden Kathleen Green, Assistant Warden Robert Hanke, Assistant Warden Ronald B. Dryden, Chief of Security William Maycock, and Sergeant S. Harmon, through counsel, have filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 12. Plaintiff has responded.[1] ECF No. 14. Upon review of papers filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff, an inmate currently confined at the Eastern Correctional Institution in Westover, Maryland, alleges that on March 19, 2011, while he was on his way to dinner in the east cafeteria, he was stopped by defendant Sergeant Harmon for walking slowly. He states that

---

[1] Plaintiff has responded to defendants' dispositive motion (ECF No. 14) but has failed to provide any affidavit, even his own, to contradict defendants' version of events. Although a court may treat a verified complaint as an affidavit for purposes of summary judgment, plaintiff's complaint has not been verified. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Any other documents the party submits may not be considered on a motion for summary judgment unless they are authenticated by either an affidavit or deposition. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). Plaintiff was given notice of his rights and responsibilities with regard to the motion for summary judgment filed against him in accordance with the requirements of *Roseboro v. Garrison*. *See* 528 F.2d 309, 310 (4th Cir. 1975); *see also* ECF No. 13.

Harmon sent him back to his housing unit after stating "you are being punished." Plaintiff states he was not given any food that night as punishment for walking slowly. ECF No. 1. He states that he filed an inmate grievance with the Warden and appealed throughout all levels of the administrative remedy process, thus alerting all other named defendants to the issue. *Id.*

According to defendants, on March 19, 2011, Harmon observed plaintiff slowly walking backwards while walking to the meal line, waiting for other inmates to catch up to him. ECF No. 12, Ex. 1. Harmon directed plaintiff to turn around. Plaintiff refused, continuing to walk backwards until the other inmates caught up to him, at which time he turned around. Harmon directed plaintiff to return to his cell advising him that he could not walk slowly backwards waiting for his friends. *Id.*

On March 22, 2011, plaintiff filed a Request for Administrative Remedy ("ARP") based on the incident. *Id.*, Ex. 2. The ARP was found to be without merit after it was determined that plaintiff admitted to interfering with the meal line in violation of institutional rules.[2] *Id.* Ex. 3. The investigation also concluded that plaintiff had been given an opportunity to eat but missed the meal due to his own actions. *Id.* The ARP was dismissed on May 22, 2011. The appeal was dismissed on May 31, 2011, by the Commissioner. *Id.*, Ex. 4.

## Legal Standards

### A. Motion to Dismiss for Failure to State a Claim

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering the motion, the court accepts all well-pleaded allegations of the complaint as true, and construes the facts and reasonable inferences derived therefrom in the

---

[2] Plaintiff disputes admitting he violated institutional rules. He states that he did not admit to walking backward and there are no rules governing the pace at which an inmate must walk. ECF No. 12.

2

light most favorable to the plaintiff as the non-moving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). The purpose of the Rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 n.3 (2007) (citation omitted).

The Supreme Court of the United States has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Both *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), make clear that, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'. . ." (citation omitted)); *see also Simmons v. United Mortgage and Loan Inv.*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

However, in resolving a Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385-86 (4th Cir. 2009). Moreover, a motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (internal quotation marks omitted). Nevertheless, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (citation omitted).

**B.    Motion for Summary Judgment**

Summary judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club,*

4

*Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

### A. 42 U.S.C. § 1983 – State Defendant

A State is not considered a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Since the Maryland Division of Corrections is properly considered to be an arm of the State of Maryland, it is not a proper defendant in Plaintiff's complaint, which is based upon 42 U.S.C. § 1983. Thus, it will be dismissed from the case.

### B. Supervisory Liability

Plaintiff's complaint against Commissioner J. Michael Stouffer, Acting Assistant Commissioner William Filbert, Warden Kathleen Green, Assistant Warden Robert Hanke, Assistant Warden Ronald B. Dryden, and Chief of Security William Maycock is based solely upon the doctrine of *respondeat superior*, which does not apply in § 1983 claims. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit).

Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). Plaintiff has pointed to no action or inaction on the part of Commissioner J. Michael Stouffer, Acting Assistant Commissioner William Filbert, Warden Kathleen Green, Assistant Warden Robert Hanke, Assistant Warden Ronald B. Dryden, and Chief of Security William Maycock that resulted in a constitutional injury, and accordingly, his claims against them shall be dismissed.

### C. Eighth Amendment Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was *objectively* "sufficiently serious,"' and that '*subjectively*

6

"the officials acted with a sufficiently culpable state of mind."'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (alteration in original; citations omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

To establish a sufficiently culpable state of mind, evidence must show that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U.S. at 298. In other words, "'the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.'" *Brown v. North Carolina Dep't of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dep't of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003).

While prisoners have a right to adequate nutrition in the form of regular meals, *Cooper v. Sheriff, Lubbock Cnty., Texas*, 929 F.2d 1078, 1083 (5th Cir. 1991), an occasional instance of a missed meal does not rise to a constitutional level. *See Herring v. Superintendent, Danville City Jail*, 387 F. Supp. 410, 412 (W.D. Va. 1974). Further, plaintiff has pointed to no harm resulting from the denial of one meal that was occasioned by his own subordination. Any discomfort experienced by plaintiff did not amount to cruel and unusual punishment. This conclusion is supported by the absence of proof of significant or serious physical or psychological injury resulting from plaintiff's denial of one meal. *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (complaints of missed meals in the absence of "any deleterious physical or mental effects" do not state constitutional claim).

## Conclusion

For the reasons stated above, defendants' motion to dismiss or for summary judgment shall be granted. A separate order follows.

March 14, 2012
Date

James K. Bredar
United States District Judge